NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE: FOSAMAX (ALENDRONATE SODIUM): PRODUCTS LIABILITY LITIGATION | MDL No. 2243<br>Civil Action No. 08-cv-08 (JAP)<br><br>**ORDER** |
| THIS DOCUMENT APPLIES TO:<br>All Actions |  |

      This matter is presently before the Court on an Order to Show Cause ("OTSC") issued on August 15, 2013 [docket #2895], upon application by Defendant, Merck Sharp & Dohme Corp.[1] ("Defendant" or "Merck") [docket #2857] directing the Plaintiffs listed in Appendix A of the Order (collectively referred to as "Plaintiffs"), to show cause why their pre-September 14, 2010, injury claims should not be dismissed on preemption grounds pursuant to this Court's ruling in the Bellwether *Glynn* case. *See Glynn v. Merck Sharp & Dohme, Corp.*, Case Nos. 11-5304, 08-08, --- F. Supp. 2d ---, 2013 WL 3270387 (D.N.J. Jun. 27, 2013).

      In response to the OTSC, the Court received the following briefs from Plaintiffs: (1) Plaintiff Deborah Thompson's Response to the OTSC [docket #2931]; (2) Plaintiff Helen Stampliakas's Response to the OTSC [docket #2932]; (3) Plaintiff Elaine Howe's Response to the OTSC [docket #17 on 11-6657] (4) Plaintiffs' Adverse Reactions and Long-Term-Use Failure-to-Warn Brief [docket #2995(1)]; (5) Plaintiffs' Design-Defect and Other Non Failure to Warn Claims Brief [docket #2995(2)]; (6) Plaintiffs' Procedural Brief [docket #2995(3)]; and (7) Plaintiffs' Warnings and Precautions Brief [docket #2995(4)].

---

[1] The docket lists five (5) separate Merck Defendants. In addition to "Merck Sharp & Dohme Corp.", Defendant was pled in various complaints as: "Merck & Co., Inc."; "Merck Sharpe & Dohme, Corp."; "Merck Sharp & Dohme Corp.,"; and "Merck Sharp & Dohme." For purposes of clarity, the Court collectively refers to these entities as "Defendant" or "Merck."

Merck replied to Plaintiffs' response to the OTSC and filed the following briefs in support of its position: (1) Reply to Plaintiff Helen Stampliakas's and Plaintiff Deborah Thompson's Responses to the Court's OTSC [docket #3030]; (2) Reply to Plaintiff Elaine Howe's Response to the Court's OTSC [docket #3041] (3) Reply to Plaintiffs' Adverse Reactions and Long-Term-Use Failure-to-Warn Brief [docket #3031]; (4) Reply to Plaintiffs' Design Defect and Other Non-Failure to Warn Claims Brief [docket #3031(1)]; (5) Reply to Plaintiffs' Procedural Brief [docket #3031(3)]; and (6) Reply to Plaintiffs' Warnings and Precautions Failure to Warn Brief [docket #3031(2)].

The Court having considered the papers filed and the oral arguments set forth by the parties on January 29, 2014, and for the reasons set forth in the accompanying Opinion,

**IT IS** on this 26th day of March, 2014,

**ORDERED** that Plaintiffs' have failed to show cause why their pre-September 14, 2010, injury claims should not be dismissed pursuant to this Court's ruling in *Glynn*; and it is further

**ORDERED** that Plaintiffs' state law claims against Merck arising out of an injury that occurred prior to September 14, 2010, are preempted; and it is further

**ORDERED** that summary judgment is GRANTED in favor of Merck as against Plaintiffs' whose injuries occurred prior to September 14, 2010; and it is further

**ORDERED** that the Clerk of this Court shall terminate the cases listed in Appendix A [docket #2857(2)] of the OTSC; and it is further

**ORDERED** that the Clerk of this Court shall also terminate the following cases, which were filed after the Court's OTSC but were addressed by this Court's Opinion as they allege injuries occurring prior to September 14, 2010: 13-cv-6090; 13-cv-7894; and 13-cv-5984.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.